DARNAUD (UNITED STATES v.). See Case No. 14,918.

DARNELL (CHINN v.). See Case No. 2,684.

DARRACH (BLOUNT v.). See Case No. 1,-567.

DARREL (CAZENOVE v.). See Case No. 2,-539.

## Case No. 3,579.

### DARRELL v. The ALICE GRAY.

[N. Y. Times, April 19, 1865.]

District Court, S. D. New York.

ADMIRALTY PLEADING — AMENDMENT OF LIBEL—RIGHTS OF SURETIES.

[The obligations of the sureties of a vessel are not increased by amending the libel against her by increasing the amount claimed.]

[Libel by William E. Darrell and others against the brig Alice Gray.]

BETTS, District Judge. This case came up for a motion to amend the libel by statements increasing the amounts claimed in the action, which was brought to recover damages for alleged breach of a charter party. The claimant objected to the amendments, urging that their effect might be to expose the sureties for the vessel to a greater responsibility than they originally assumed.

HELD BY THE COURT: That such increase is only conjectural as yet. The general rule is that the precise limitations of the obligations of suretyship are not disturbed by collateral arrangements, voluntary or involuntary, between the principals without the assent of the sureties. Motion granted.

[1] [Reported by Hon. William Cranch, Chief Judge.]

DARRELL (BOLCHOS v.). See Case No. 1,-607.

## Case No. 3,580.

### DARST v. DUNCAN.

[Brunner, Col. Cas. 521;[1] 2 Law Rep. 246.]

Circuit Court, E. D. Pennsylvania. Nov. Term, 1839.

#### SHERIFF—LIABILITY FOR ESCAPE OF DEBTOR.

In an action of debt on the statute against a sheriff for an escape, the plaintiff can recover no more than his debt and costs; and he can recover his debt and costs although he may have lost nothing by the escape. But in an action on the case at common law the plaintiff may recover for what damages he has sustained.

The plaintiff in this case [Isaac Darst] having a judgment in this court against Jacob Roth, on which there was a balance due of $2,000.43, took out a capias ad satisfaciendum against the defendant in the judgment. [Andrew Duncan], who resided in York county, Pa. He was arrested by the United States marshal for that district on the 6th of December, 1832, and committed to jail in York county, and on the day following was at large. Darst then brought this suit against the defendant who was the sheriff of York county, for an escape, according to the rule in Shewel v. Fell, 4 Yeates, 47. The justification set forth by the defendant's plea was that Roth had been discharged from jail by the judges of the court of common pleas of York county, upon his application and compliance with the Pennsylvania insolvent law, which act provides that a debtor arrested or held on execution on a bail piece, in a civil suit, and who shall have resided six months in this commonwealth, may apply, when arrested or held in execution, to the president or any associate judge of the court of common pleas of the county in which he is arrested, for his discharge from prison on complying with the requirements of the law. And further, that by act of congress, approved May 19, 1828 [4 Stat. 281], the said law of Pennsylvania was considered the law of the land so far as regards the several courts of the United States in the state of Pennsylvania. The prisoner having complied with the law in question, was discharged by the sheriff after having received an order from one of the judges of the court of common pleas of York county to that effect. To this plea the plaintiff demurred, and the defendant joined in the demurrer. On this demurrer judgment was rendered for the plaintiff. [Case No. 3,581.] The defendant's counsel then moved that judgment should be entered only for the debt, without interest, which was submitted to the court upon authorities cited.

T. C. Hamley and C. Wheeler, for plaintiff.
A. C. Ramsay and J. M. Read, for defendant.

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

HOPKINSON, District Judge, in delivering the opinion of the court on this point, stated that in examining the cases in England, as well as in the supreme courts of this state and New York, they were found to concur in the doctrine that if a plaintiff in a suit against a sheriff for an escape, brought his action of debt upon the statute, he can recover no more than his debt and costs; and that on the other hand he had a right to recover his whole debt and costs, although in truth he may lose nothing by the escape. If he brings his action on the case for damages, at common law, then he may recover whatever damages he can show he has sustained, although· it may exceed his debt. But in such an action the defendant would also be permitted to show any circumstances to prove that a much smaller amount of damages had been sustained by the escape, and even to reduce the verdict of judgment to mere nominal damages. In this case the action was in debt on the statute, and the plaintiff has a right to a judgment for debt and costs, and no more.

[NOTE. Defendant took the case, on writ of error, to the supreme court, which affirmed the judgment on the ground that a person in custody under process of a federal court could not legally be discharged by a state officer acting under a state insolvent law. 1 How. (42 U. S.) 301.]